THE STATE OF OHIO, APPELLANT, *v.* THOMPSON, APPELLEE.

[Cite as *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314.]

(No. 2007–2389—Submitted October 14, 2008—Decided February 4, 2009.)

PFEIFER, J.

{¶ 1} The issue in this case is whether Thompson's prior convictions can be used to enhance the indictment against him. We conclude that they can.

## Background

{¶ 2} Appellee, Billy Thompson II, was charged with two counts of driving under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a) and (b). Because Thompson had been convicted of driving under the influence ("DUI") three times within the previous six years, the indictments that were issued in this case charged felonies of the fourth degree, not misdemeanors. R.C. 4511.19(G)(1)(d) ("an offender, who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section * * * is guilty of a felony of the fourth degree").

{¶ 3} Thompson filed a pretrial motion to strike prior uncounseled convictions from the indictment based on his belief that "absent a showing by the State that

he was either represented by counsel or executed a valid waiver of counsel in the prior cases, the State cannot utilize those convictions as an element of the instant charge." Thompson did not submit any affidavits, transcripts, testimony, or other evidence to support his motion. The state filed a memorandum contrary to Thompson's motion, which included copies of the waiver-of-rights forms that Thompson had signed prior to each of his three previous DUI convictions. The trial court denied the motion, stating that Thompson "was either represented or waived representation on all three prior cases."

{¶ 4} After a bench trial, the court found Thompson guilty of both counts of driving under the influence. The trial court sentenced Thompson to two years in prison and suspended all but 60 days with the condition that Thompson successfully complete an inpatient treatment program. Thompson appealed, and the court of appeals reversed, relying on *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, at ¶ 54, in concluding that "the record contains no evidence that the prior waivers of the right to counsel were made on the record in open court, nor shown through the court's colloquy with the appellant to have been knowingly and voluntarily made." *State v. Thompson*, Fairfield App. No. 2007-CA-00006, 2007-Ohio-6098, 2007 WL 3409329, ¶ 48. We accepted the state's discretionary appeal. *State v. Thompson*, 117 Ohio St.3d 1475, 2008-Ohio-1841, 884 N.E.2d 1108.

## Analysis

{¶ 5} In *Brooke*, we stated, "For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived." Id., 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, paragraph one of the syllabus. Our use of the word "uncounseled" has two specific meanings with respect to constitutional infirmity: "uncounseled" can refer to a person who is not represented by an attorney or to a person who is not represented by an attorney and who did not validly waive his or her right to counsel. Id. at ¶ 9.

{¶ 6} Even though nothing in the body of *Brooke* can be construed as suggesting that "a prima facie showing that prior convictions were unconstitutional" can be established merely by stating that the defendant had not been represented in the prior convictions and that the convictions had resulted in confinement, that is the interpretation that Thompson has taken. This case highlights the "limitations in the English language with respect to being both specific and manageably brief." *United States Civ. Serv. Comm. v. Natl. Assn. of Letter Carriers AFL–CIO* (1973), 413 U.S. 548, 578–579, 93 S.Ct. 2880, 37 L.Ed.2d 796. Our use of the word "uncounseled" in *Brooke* encompassed the combined

definition, not the first alone. Thus, a defendant cannot establish a prima facie showing as to "uncounseled" merely by establishing that he or she had been convicted without representation. For one thing, it is beyond dispute that a person has a constitutional right to represent himself or herself; therefore, it is not possible to establish a constitutional infirmity merely by showing that a person did not have counsel. See Section 10, Article I, Ohio Constitution; *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph one of the syllabus. Furthermore, in *State v. Brandon* (1989), 45 Ohio St.3d 85, 543 N.E.2d 501, syllabus, we stated, "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity." With respect to "uncounseled" pleas, we presume that the trial court in the prior convictions proceeded constitutionally until a defendant introduces evidence to the contrary. Thus, we conclude that for purposes of penalty enhancement in later convictions under R.C. 4511.19, after the defendant presents a prima facie showing that the prior convictions were unconstitutional because the defendant had not been represented by counsel and had not validly waived the right to counsel and that the prior convictions had resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.

{¶ 7} In this case, the state sought to enhance the violation, pursuant to R.C. 4511.19(G)(1)(d). To do so, the state had to prove the prior conviction with "a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar." R.C. 2945.75(B)(1). The state complied with this statutory provision, and Thompson has not argued to the contrary. Instead, Thompson moved to exclude the prior convictions because the state had not established that he had been represented or had validly waived representation in his prior convictions. But neither R.C. 2945.75 nor *Brooke* requires the state to prove that Thompson had been represented or that he had validly waived representation. According to *Brooke*, the state does not have the burden of proving that Thompson had been represented or that he had validly waived representation unless Thompson makes a prima facie showing that he had been "uncounseled" in his prior convictions—that is, that he had not been represented and that he had not validly waived representation. Thompson made no such showing. Unlike in *Brooke*, the defendant here did not submit evidence, whether testimony, affidavits, or transcripts, to bolster his argument that his waiver of counsel was constitutionally infirm. A bald allegation of constitutional infirmity is insufficient to establish a prima facie showing with respect to an "uncounseled" plea. Because Thompson has not introduced evidence to the contrary and established a

prima face showing, we presume that the trial courts in the prior convictions proceeded constitutionally. Accordingly, there is no need to examine the waiver-of-rights forms that the state claims Thompson signed prior to his three earlier convictions.

## Conclusion

{¶ 8} We conclude that Thompson has not established a prima facie showing that he was "uncounseled" prior to his earlier guilty pleas; therefore, the burden of establishing that Thompson had either been represented or had validly waived representation did not shift to the state. We reverse the judgment of the court of appeals and remand the case to the trial court to reinstate the original sentence.

Judgment reversed
and cause remanded.

MOYER, C.J., and O'CONNOR, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., concur in judgment only.

———————

David L. Landefeld, Fairfield County Prosecuting Attorney, and Julia B. Dillon and Gregg Marx, Assistant Prosecuting Attorneys, for appellant.

Burkett & Sanderson, Inc., Andrew Sanderson, and Devon Harmon, for appellee.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, urging reversal for amicus curiae, Ohio Prosecuting Attorneys Association.