[Cite as *State v. Howard*, 2015-Ohio-4510.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2014-CA-128 |
| | : | |
| v. | : | Trial Court Case No. 11-CR-820 |
| | : | |
| DERON HOWARD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of October, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

MICHAEL T. COLUMBUS, Atty. Reg. No. 0076799, 130 West 2nd Street, Suite 2103, Dayton, Ohio 45402
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Deron Howard appeals from the revocation of his community-control

supervision and his sentence to prison for burglary. Howard's assigned counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that "[c]ounsel has conducted an examination of the record and finds no merit to any claim of error." (Brief of Appellant, 1). By order filed on June 29, 2015, we informed Howard that the *Anders* brief had been filed and advised him of his right to file his own brief and the time limit for doing so. Howard did not file anything, and the time for filing has expired.

### The course of proceedings

{¶ 2} On March 7, 2012, after Howard's indictment and some preliminary proceedings, his case was "assigned to the docket of Judge Richard P. Carey, sitting by assignment to the General Division of this Court." (Dkt. #14). The assignment entry is signed by Judge Richard J. O'Neill, the presiding judge of Clark County Common Pleas Court.[1] Thereafter, Howard pleaded guilty to burglary before Judge Carey, and by judgment entry of conviction, filed on May 22, 2012, he was sentenced by Judge Carey to four years of community-control supervision. The judge also imposed a prison sentence of two years that Howard would serve if he violated the terms of supervision.

{¶ 3} On October 3, 2014, Probation Officer Daniel Evans filed an affidavit stating that Howard had violated the terms of supervision by pleading guilty, in Springfield Municipal Court, to OVI on August 26, 2014, and to theft on September 15, 2014. On October 17, 2014, the matter came before Judge Carey for a community-control revocation hearing. Opening court, the bailiff said, "Clark County Probate Court is now in

---

[1] The entry does not include the term "presiding," but we take judicial notice of the fact that Judge O'Neill is the presiding judge.

session." (Probation Violation Tr. 5). The judge then introduced the case by saying, "This is by assignment in the matter of State of Ohio versus Deron Howard, Case 11-CR-0820." (*Id.*).

{¶ 4} Probation Officer Evans testified that Rule #1 of the written rules of probation, which Howard signed, states that Howard would "obey Federal, State and local laws." (*Id.* at 8). Evans then provided certified copies of Springfield Municipal Court records showing Howard's convictions for OVI and theft. Howard testified that he did not have counsel for either of the municipal-court pleas. With regard to the OVI plea Howard was asked, "Okay. All right. But you, but you did waive counsel and enter a guilty plea to the OVI back in August of this year. Is that right?" (*Id.* at 18). Howard responded, "Yeah." (*Id.*). With regard to both charges, Howard said that he was not informed that his pleas could result in revocation of community control. If he had known that, said Howard, he would not have pleaded guilty. Howard did not deny committing either offense.

{¶ 5} The trial court found that Howard had violated the terms of community control, so the court revoked his supervision. The court reduced the originally imposed two year prison sentence to eighteen months and gave Howard credit for the time that he had served in jail in the case. Howard appealed.

### Potential assignments of error

{¶ 6} Although counsel found no merit to the appeal, he identifies, in his brief, two possible assignments of error for our consideration. He notes that one could question whether the probate court had jurisdiction over Howard, and he asserts that the trial court abused its discretion by finding a violation based solely on Howard's uncounseled guilty pleas, which Howard asserted he would not have made if he had known that they could

cause a revocation of his supervision. We determine that neither contention has arguable merit.

{¶ 7} The presiding judge of a court of common pleas can temporarily assign a judge from one division to another division of the same court, as required by the business of the court. Sup.R. 3.01(B); *Knoop v. Knoop*, 2d Dist. Montgomery No. 22037, 2007-Ohio-5178. Judge Carey was assigned to Howard's case. The fact that the bailiff opened the court as the probate court has absolutely no bearing on the judge's authority to act in this assigned case. On this record, an argument to the contrary is frivolous.

{¶ 8} Likewise, an argument that Howard's uncounseled convictions are not adequate to find a violation of community control is frivolous. Uncounseled pleas cannot be used to enhance the penalty of a pending case unless the state can prove that the right to counsel was properly waived. *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, 903 N.E.2d 618, ¶ 6. Initially we note that Howard admitted that he waived counsel with respect to one of his pleas and that plea alone would have been sufficient to revoke his supervision. In addition, the case here is not a penalty-enhancement case, where a subsequent offense of the same nature results in a more serious penalty than the first charge. This case is a revocation-of-supervision case, where the penalty, and its consequences, had already been imposed and where the uncounseled plea argument has never been applied. For over 30 years the law in Ohio has been that uncounseled convictions alone can support a finding of a violation of the terms of supervision. *State v. Delaney*, 11 Ohio St.3d 231, 465 N.E.2d 72 (1984). Although *Delaney* was decided by interpretation of the applicable criminal rules, rather than on a constitutional basis, *Delaney* has subsequently been cited with approval in cases that have rejected

constitutional challenges and have approved use of uncounseled pleas to support revocation of supervision. *See State v. Isles*, 5th Dist. Stark No. 2006CA00050, 2006-Ohio-6567, ¶ 15; *State v. Van Johnson*, 7th Dist. Mahoning No. 89 CA 138, 1992 WL 150188 (June 24, 1992). The second possible assignment of error has no arguable merit.

### *Anders* Review

We also performed our duty under *Anders* to conduct an independent review of the record. We thoroughly reviewed the docket, the various filings, the written transcript of the revocation hearing, and the sentencing disposition. We found no non-frivolous issues for review. Accordingly, the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Ryan A. Saunders
Michael T. Columbus
Deron Howard
Hon. Richard P. Carey