[Cite as *State v. Meyers*, 2015-Ohio-5499.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

        Appellant

v.

James Meyers

        Appellee

Court of Appeals Nos. E-15-042
E-15-043

Trial Court Nos. 2015 CR 0075
2015 CR 0205

**<u>DECISION AND JUDGMENT</u>**

Decided: December 30, 2015

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Mary Ann
Barylski, Chief Assistant Prosecuting Attorney, and Jeanne Lippert,
Assistant Prosecuting Attorney, for appellant.

Jeffrey J. Whitacre, for appellee.

* * * * *

**SINGER, J.**

    **{¶ 1}** Appellant, state of Ohio, brings this accelerated appeal from the Erie County

Court of Common Pleas judgments granting the motions to dismiss of appellee, James

Meyers. We conclude the trial court erred in granting appellee's motions; thus, we reverse.

{¶ 2} The state sets forth two assignments of error:

Assignment of error No. One: The trial court committed prejudicial error when the trial court ruled that appellee's 2001 conviction for operating a motor vehicle while intoxicated was constitutionall [sic] infirm so that the conviction could not be used for purposes of penalty enhancement.

Assignment of error No. Two: The trial court committed prejudicial error when the trial court dismissed the indictments after ruling that appellee's 2001 conviction for operating a motor vehicle while intoxicated was constitutionally infirm.

{¶ 3} On February 11, 2015, appellee was indicted by an Erie County Grand Jury, in case No. 2015 CR 0075, for two counts of operating a motor vehicle under the influence of alcohol or drugs ("OVI") on December 21, 2014, in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(d). The indictment stated appellee had previously been convicted of OVI five times within the past twenty years, elevating the offense to a fourth-degree felony. On May 14, 2015, appellee was indicted by an Erie County Grand Jury, in case No. 2015 CR 0205, for two counts of driving while intoxicated on April 4, 2015. This indictment also stated appellee had previously been convicted of OVI five times within the past twenty years, elevating the offense to a fourth-degree felony.

2.

{¶ 4} On May 29, 2015, appellee filed motions to dismiss the indictments and argued the state was trying to enhance the penalty for the alleged offenses based on a constitutionally deficient prior conviction from March 2001. Appellee asserted the case sheet from this 2001 conviction, which he attached to his motions, showed the conviction was uncounseled and the waiver of counsel was "undocumented." Appellee contended absent proof of a valid waiver of counsel, the state may not enhance his charges to felonies. The state opposed the motions.

{¶ 5} On July 6, 2015, appellee filed supplements to his motions to dismiss arguing that the colloquy between the municipal court and appellee regarding waiver of counsel was constitutionally deficient for several reasons. First, appellee asserted the court did not inquire about his financial status or advise him if he could not afford counsel that counsel would be appointed. Next, appellee contended the court did not fully explain all possible penalties and did not mention collateral consequences of the conviction. Last, appellee claimed the court did not reference any possible defenses or mitigating circumstances that could be raised. The state opposed appellee's supplemental motions.

{¶ 6} On July 24, 2015, the trial court granted the motions to dismiss and dismissed both cases without prejudice. The state appealed the rulings then moved to have the cases consolidated since each case raised the same issues and law; we granted the motion.

**{¶ 7}** In the first assignment of error, the state contends the trial court erred when it ruled appellee's 2001 OVI conviction was constitutionally infirm and could not be used to enhance a subsequent OVI charge from a misdemeanor to a felony.

### Standard of Review—Motion to Dismiss

**{¶ 8}** A trial court's ruling on a motion to dismiss is subject to de novo review. *State v. Benton*, 136 Ohio App.3d 801, 805, 737 N.E.2d 1046 (6th Dist.2000). Thus, we will independently review the record, giving no deference to the trial court's decision. *Grine v. Sylvania Schools Bd. of Edn.*, 6th Dist. Lucas No. L-06-1314, 2008-Ohio-1562, ¶ 41.

### Right to Counsel/Waiver of Counsel

**{¶ 9}** The Sixth and Fourteenth Amendments to the United States Constitution require that no indigent criminal defendant be sentenced to a term of imprisonment unless the state has made available to the defendant the right to assistance of counsel. *Scott v. Illinois*, 440 U.S. 367, 373-374, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). A criminal defendant also has an independent right to self-representation. *Faretta v. California*, 422 U.S. 806, 818-819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). To proceed pro se, a defendant must knowingly, voluntarily and intelligently waive the Sixth Amendment right to counsel. *Id.* at 819. Thus, the trial court must make a sufficient inquiry to decide whether a defendant fully understands and intelligently waives counsel. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus.

4.

# OVI

{¶ 10} R.C. 4511.19(A)(1)(a) provides that "[n]o person shall operate any vehicle * * * within this state, if, at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." An offender who violates this provision is guilty of a first degree misdemeanor. R.C. 4511.19(G)(1)(a). However, the offense of OVI becomes chargeable as a fourth degree felony if, within twenty years preceding the charged offense, the offender has been convicted of OVI on at least five prior occasions. R.C. 4511.19(G)(1)(d). The Ohio Supreme Court has held, in cases where "existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 8. R.C. 2945.75(B)(2) requires the state to make a prima facie showing of the prior convictions.

{¶ 11} In repeat OVI offender cases where prior convictions for OVI are used to enhance the penalty for a later OVI conviction, a defendant may attack the constitutionality of a prior conviction if the conviction was obtained in violation of the defendant's right to counsel. *Brooke* at ¶ 9. "'Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity.' *State v. Brandon*, 45 Ohio St.3d 85, 543 N.E.2d 501 [(1989)], syllabus." *Id.* at ¶ 11. "With

5.

respect to 'uncounseled' pleas, we presume that the trial court in the prior convictions proceeded constitutionally until a defendant introduces evidence to the contrary." *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, 903 N.E.2d 618, ¶ 6.

{¶ 12} A defendant must prove a prima facie case of constitutional infirmity by a preponderance of the evidence. R.C. 2945.75(B)(3). Preponderance of the evidence is evidence which has greater weight or is more convincing than the evidence presented in opposition to it. *Burris v. The Esmond Dairy Co.*, 6th Dist. Erie No. E-78-61, 1979 WL 207139, *3 (June 15, 1979).

{¶ 13} A defendant presents a prima facie showing of constitutional infirmity by establishing "the prior convictions were unconstitutional because the defendant had not been represented by counsel and had not validly waived the right to counsel and that the prior convictions had resulted in confinement[.]" *Thompson* at ¶ 6; *Brooke* at ¶ 11. The burden then shifts to the state to demonstrate the defendant's right to counsel was properly waived. *Id.*

{¶ 14} In order to determine whether a defendant properly waived counsel in a prior case, a distinction has been recognized between serious offenses and petty offenses. *Brooke* at ¶ 13. A petty offense is defined as "a misdemeanor other than [a] serious offense." Crim.R. 2(C). A serious offense is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(D). In petty offense cases, waiver of counsel shall be made in open court and

6.

recorded. *See* Crim.R. 22; Crim.R. 44(C). In serious offense cases the waiver shall be in writing, made in open court and recorded. *Id.*

## Analysis

{¶ 15} Information in the record shows appellee had been convicted of OVI a total of six times prior to the 2015 indictments for OVI. Appellee's OVI conviction in March 2001 was his second conviction for OVI; his first conviction for OVI was in 1993.

{¶ 16} The events leading up to appellee's second OVI conviction occurred on March 11, 2001, when appellee was charged with OVI, a first degree misdemeanor. On March 20, 2001, appellee appeared before the Sandusky Municipal Court; he was not represented by counsel. A transcript of that proceeding is a part of the record. The transcript shows appellee was queried by the court whether he had an opportunity to review a form entitled "Your Rights In Court"; appellee responded in the affirmative. Appellee was then asked if he had any questions regarding the penalties which the court had explained to him; he replied in the negative. Next, appellee was informed by the court that he had the right to be represented by an attorney. The court stated, "[a]nd the section that I specifically want to draw your attention to then is one dealing with counsel." The court then said, "it is my understanding this morning that you knowingly, intelligently, and voluntarily are waiving your right to counsel at this time?" Appellee responded, "Yes."

{¶ 17} The record indicates appellee entered a no contest plea, was found guilty and was sentenced to 90 days in jail with 87 days suspended. The record is less than

7.

clear as to whether appellee ultimately served three days in jail for this 2001 OVI conviction. Moreover, nothing in the record shows appellee filed a direct appeal of his conviction.

{¶ 18} In its July 24, 2015 judgment entries, the trial court observed appellee had five prior convictions for OVI in twenty years, and was represented by counsel in four of those convictions. Regarding the one conviction when appellee was not represented by counsel, the trial court noted "[t]here is no written waiver; however, on or about March 12, 2001 it was placed on the record that Defendant waived his right to an attorney." The court recognized the state had argued the written waiver was destroyed due to the length of time that had elapsed since the conviction. The trial court determined appellee had made a prima facie showing that he did not validly waive his right to counsel in the 2001 case and the state did not satisfy its subsequent burden. The court held, with respect to the 2001 conviction, appellee had not been sufficiently advised of the significance of his decision to waive legal counsel. Specifically, the court found appellee was not informed of the "full range of possible penalties including court costs, all possible license reinstatement fees and subsequent enhancements, collateral consequences * * *, defenses * * * or * * * mitigating circumstances."

{¶ 19} In our de novo review of the trial court's judgments, we must determine whether appellee presented a prima facie showing of constitutional infirmity regarding his 2001 conviction. In accordance with *Thompson*, *supra*, we start with the presumption that the court in the 2001 conviction proceeded constitutionally unless and until appellee

8.

introduced evidence to the contrary. Consequently, to make a prima facie showing, appellee had to produce evidence that he was not represented by counsel, he did not validly waive his right to counsel and his 2001 conviction resulted in confinement.

{¶ 20} A review of the record, including the March 20, 2001 transcript, shows appellee did prove by a preponderance of the evidence that he was not represented by counsel at the time of his 2001 OVI conviction.

{¶ 21} As to whether appellee's 2001 conviction resulted in confinement, information in the record, though scarce, indisputably shows he was given a 90-day jail sentence with 87 days suspended. Even a suspended sentence constitutes a period of confinement for penalty enhancement cases. *State v. Noble*, 9th Dist. Lorain No. 07CA009083, 2007-Ohio-7051, ¶ 13. *See also Alabama v. Shelton*, 535 U.S. 654, 658, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002) ("[A] suspended sentence that may 'end up in the actual deprivation of a person's liberty' may not be imposed unless the defendant was accorded 'the guiding hand of counsel' in the prosecution for the crime charged." (Citation omitted.)). We therefore conclude appellee did prove by a preponderance of the evidence that his 2001 conviction resulted in confinement.

{¶ 22} Regarding whether appellee validly waived his right to counsel, the record indicates appellee's 2001 OVI conviction was for a petty offense, thus a waiver of his right to counsel had to be in open court and recorded, but did not have to be in writing. Crim.R. 22; Crim.R. 44(C). The record shows appellee appeared in open court and a recording was made of the proceeding. The record also shows the court explained to

9.

appellee the penalties associated with a second OVI offense in six years. The record further reveals appellee reviewed a form regarding his rights and the court specifically brought to appellee's attention the section of the form addressing one's right to counsel before appellee waived that right. The form is not a part of the record and the record is silent as to what information the form contained. While appellee argues his waiver was constitutionally deficient, he did not introduce any evidence to support his argument. Had appellee provided an affidavit to the trial court which stated his 2001 conviction was uncounseled because the form he reviewed did not contain sufficient or appropriate cautionary advice regarding waiving his right to counsel, this would have established a prima facie showing of constitutional infirmity. However, "[a] bald allegation of constitutional infirmity is insufficient to establish a prima facie showing with respect to an 'uncounseled' plea." *Thompson* at ¶ 7. Without evidence in the record to the contrary, we presume the court in the 2001 conviction proceeded constitutionally in advising appellee of his right to counsel.

{¶ 23} Since appellee did not present a prima facie showing of constitutional infirmity regarding his 2001 conviction, the burden does not shift to the state to demonstrate the right to counsel was properly waived and there was no constitutional infirmity. Therefore, appellee's 2001 OVI conviction could be used to enhance the penalty in the present case. Accordingly, the state's first assignment of error is well-taken.

10.

**{¶ 24}** Based on our finding that appellee's 2001 OVI conviction was not constitutionally infirm and could be used to enhance a subsequent OVI charge, the state's second assignment of error, wherein the state argued the trial court erred in dismissing the indictments after ruling the 2001 conviction was constitutionally infirm, is well-taken.

**{¶ 25}** The judgments of the Erie County Court of Common Pleas granting appellee's motions to dismiss and dismissing the indictments are reversed and the matter is remanded for further proceedings consistent with this decision.  Pursuant to App.R. 24, costs of this appeal are assessed to appellee.

Judgments reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                        _____
JUDGE

Thomas J. Osowik, J.

                                                   _____
James D. Jensen, J.                      JUDGE
CONCUR.

                                                   _____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.