[Cite as *State v. Bigelow*, 2016-Ohio-1073.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JEFFREY G. BIGELOW | : | Case No. 15CA49 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 2014-CR-0415



JUDGMENT:      Affirmed



DATE OF JUDGMENT:      March 14, 2016



APPEARANCES:

For Plaintiff-Appellant

LILLIAN R. SHUN
38 South Park Street
Mansfield, OH  44902

For Defendant-Appellee

WILLIAM T. CRAMER
470 Olde Westerville Road
Suite 200
Westerville, OH  43082

*Farmer, P.J.*

{¶1}    On August 12, 2014, the Richland County Grand Jury indicted appellee, Jeffrey Bigelow, on two counts of operating a motor vehicle while intoxicated (OMVI) in violation of R.C. 4511.19.   Each count contained a specification pursuant to R.C. 2941.1413 that appellee had been convicted of or pleaded guilty to five or more equivalent offenses within the past twenty years.

{¶2}    On April 9, 2015, appellee filed a motion to dismiss the indictment or in the alternative, strike prior uncounseled convictions against him.  Appellee conceded that he had five prior OMVI convictions within twenty years, but challenged his second OMVI conviction in 2005 in the Shelby Municipal Court.  A hearing was held on May 12, 2015. By order filed May 22, 2015, the trial court found the Shelby case involved an invalid waiver of the right to counsel, granted the motion, and dismissed the indictment as a felony, "but without prejudice to further prosecution of the offense at some other level of offense."

{¶3}    Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}    "THE JUDGMENT ENTRY REFLECTING THE APPELLANT'S PRIOR DUI PLEA CONSTITUTED A VALID WAIVER FOR ENHANCEMENT PENALTIES, BECAUSE THE APPELLANT FAILED TO SATISFY HIS BURDEN OF PROOF ESTABLISHING A VIOLATION OF HIS CONSTITUTIONAL RIGHTS."

I

{¶5}   Appellant claims the trial court erred in finding the Shelby OMVI conviction involved an invalid waiver of the right to counsel and therefore erred in granting appellee's motion to dismiss the indictment as a felony.  We disagree.

{¶6}   R.C. 4511.19(G)(1)(d) states the following:

Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree.

{¶7}   In *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, syllabus, the Supreme Court of Ohio held the following:

1. For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.

2. Waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement

for more than six months, the waiver must also be in writing and filed with the court.  (Crim.R.44(C), applied.)

{¶8}   In its order filed May 22, 2015, the trial court relied on *Brooke* in dismissing the indictment as a felony, finding the following:

The evidence at the May 12, 2015 hearing showed that Mr. Bigelow was summoned to Shelby Municipal Court for trial of a misdemeanor OMVI charge on April 14, 2015.  He came late to trial or failed to enter the courtroom.  The judge called defendant's case just after 11:30 a.m., and authorized a bench warrant when defendant did not appear.  Less than twenty minutes later the judge went back on the record to say that the defendant had come to the courthouse and was talking to the prosecutor.  At some point after that announcement, the judge talked to defendant in the municipal court clerk's office where the written waiver of counsel and judgment entry were presented to the judge for signature.  After he answered the judge that he understood the documents, the judge signed the judgment entry sentencing defendant to ten days in jail.

***

In the present case, the waiver was in writing and the defendant told the judge he understood it.  But that's not good enough according to *Brooke*. The waiver also had to be made on the record in open court.

{¶9}   In response to *Brooke,* appellant argues *State v. Thompson,* 121 Ohio St.3d 250, 2009-Ohio-314, ¶ 6, is controlling as it modified *Brooke*:

Even though nothing in the body of *Brooke* can be construed as suggesting that "a prima facie showing that prior convictions were unconstitutional" can be established merely by stating that the defendant had not been represented in the prior convictions and that the convictions had resulted in confinement, that is the interpretation that Thompson has taken.  This case highlights the "limitations in the English language with respect to being both specific and manageably brief."  *United States Civ. Serv. Comm. v. Natl. Assn. of Letter Carriers AFL–CIO* (1973), 413 U.S. 548, 578–579, 93 S.Ct. 2880, 37 L.Ed.2d 796.  Our use of the word "uncounseled" in *Brooke* encompassed the combined definition, not the first alone.  Thus, a defendant cannot establish a prima facie showing as to "uncounseled" merely by establishing that he or she had been convicted without representation.  For one thing, it is beyond dispute that a person has a constitutional right to represent himself or herself; therefore, it is not possible to establish a constitutional infirmity merely by showing that a person did not have counsel.  See Section 10, Article I, Ohio Constitution; *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph one of the syllabus.  Furthermore, in *State v. Brandon* (1989), 45 Ohio St.3d 85, 543 N.E.2d 501, syllabus, we stated, "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying

proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity." With respect to "uncounseled" pleas, we presume that the trial court in the prior convictions proceeded constitutionally until a defendant introduces evidence to the contrary. Thus, we conclude that for purposes of penalty enhancement in later convictions under R.C. 4511.19, after the defendant presents a prima facie showing that the prior convictions were unconstitutional because the defendant had not been represented by counsel and had not validly waived the right to counsel and that the prior convictions had resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.

{¶10} Unlike the defendant in *Thompson,* appellee presented evidence including the pertinent records from his second OMVI conviction in the Shelby Municipal Court. T. at 12-13; Defendant's Exhibit B, C, D, and E. Appellee testified he was originally represented by counsel in the Shelby case, but because of a lack of funds, proceeded without counsel. T. at 14. Appellee explained he signed a no contest plea form (Defendant's Exhibit C) and a waiver of the right to counsel form (Defendant's Exhibit D) in the prosecutor's office. T. at 17-20, 22-23. After signing the forms, appellee never went into court, but stood in the hallway by the glass window to the Clerk of Court's Office. T. at 19. The judge was on the opposite side of the glass and "he asked me to raise my right hand, that I agreed to all the terms that was written" on the plea form. T. at 19-20.

Appellee never entered the courtroom and the judge never engaged in a colloquy with him regarding his plea and his waiver of the right to counsel. T. at 20-21, 33. As a result of his no contest plea, appellee served ten days in jail. T. at 21. An audio tape of the proceedings in court that day indicates appellee "was present in the hall" and the case was "being handled by the prosecutor." T. at 30; Defendant's Exhibit E. The tape concludes with appellee never entering the courtroom and being addressed by the trial court in open court. *Id.*

{¶11} The exhibits substantiate appellee's position that although he signed a waiver of counsel, he never appeared in open court that day nor was the plea and waiver placed on the record. We find the trial court was correct in its assessment of the waiver being constitutionally defective.

{¶12} Upon review, we find the trial court did not err in granting the motion to dismiss the indictment as a felony.

{¶13} The sole assignment of error is denied.

{¶14} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Delaney, J. concur.


SGF/sg 223