[Cite as *State v. Alvarado*, 2018-Ohio-5157.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27911 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-1757 |
| | : | |
| NICOLE M. ALVARADO | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of December, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, 101 Southmoor Circle NW, Kettering, Ohio 45429
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** This matter is before the Court on Nicole M. Alvarado's February 26, 2018 Notice of Appeal. Alvarado appeals from the trial court's February 20, 2018 Judgment Entry of Conviction, following her no contest plea to operating a motor vehicle while under the influence ("OVI")(three priors within 10 years)(breath >0.17 or greater), a felony of the fourth degree, in violation of R.C 4511.19(A)(1)(h)/4511.19(G)(1)(d). Alvarado was sentenced to a period of community control sanctions not to exceed five years, and her driver's license was suspended for three years. We hereby affirm the judgment of the trial court.

**{¶ 2}** Alvarado was indicted on July 17, 2017 for OVI; the indictment specifically identified 3 prior OVI convictions within the previous 10 years. On October 3, 2017, she filed a motion seeking to strike from the indictment the allegation that she was previously convicted of OVI in case number 2008-TRC-1473 in the Vandalia Municipal Court. Alvarado asserted that her prior conviction was without counsel or an effective waiver thereof, and it was "therefore constitutionally infirm, and as a result, may not be used to enhance a subsequent offense." She argued that, without the prior conviction, "the instant offense is a misdemeanor offense."

**{¶ 3}** A hearing was held on Alvarado's motion on December 1, 2017. At the start of the hearing, defense counsel indicated to the court that the parties stipulated to the admission of "the entire record of this matter from the Vandalia Municipal Court." State's Exhibit 1 is that record, and State's Exhibit 2, the parties' "Joint Stipulation," provides that Exhibit 1 is the entire record of the proceedings of Vandalia Municipal Court Case No. 2008-TRC-1473, that no audio or video recordings of any in-court proceedings exist, and

that no transcriptions of any in-court proceedings exist.

{¶ 4} Attorney Christopher Thompson of the Montgomery County Public Defender's Office then testified that, in 2008, he worked in private practice and frequently handled criminal and traffic cases in Vandalia Municipal Court. Thompson stated that he was very familiar with the "workings" of that court and that he had appeared there as defense counsel "up to 100 [times] maybe." Thompson testified that it was his common practice, after being retained, to "file a notice of appearance and for municipal court cases that typically includes a time waiver and a request for a pretrial." He testified that the court "typically will not give you a pretrial if you don't waive speedy trial." Thompson stated that he "[m]ost certainly" would have followed this practice in a "diversion case."

{¶ 5} Thompson testified that he knew Alvarado in early 2008, having met her "through [her] ex-boyfriend * * * who I represented many, many times." Thompson stated that he had no recollection of representing Alvarado in an OVI diversion case in 2008 in Vandalia Municipal Court, and that if his standard filings were not in the file "then I presume that I did not represent her." Thompson reviewed the stipulated exhibit and testified that he had not filed any pleadings in the case. According to Thompson, if a "notice of appearance is not in there then I didn't represent her." On cross-examination, Thompson stated that he "can't guarantee" that he has followed his standard practice in every case.

{¶ 6} At the conclusion of Thompson's testimony, the State declined to call any witnesses. Relying on the record of the Vandalia case, the prosecutor indicated to the court that "the entries * * * that have been presented in Exhibit 1 show Chris Thompson's name being entered on there and also a document that's part of the plea entry of her plea

in that case. There's initials next to a line that says I am represented by counsel and I'm satisfied with counsel with the Defendant's own initials on it." Further the prosecutor indicated that "[a]nother paragraph below that where it could be marked saying I waived counsel. That one is clearly blank. I'd therefore argue that she was represented by counsel."

{¶ 7} Defense counsel responded that the Vandalia court's entries were "inconsistent and ambiguous," and that Thompson testified confidently that he did not represent Alvarado due to the absence of his standard filings. Defense counsel argued that "there's nothing that shows that Chris Thompson ever entered an appearance on this case." Defense counsel asked the court "to rely on Mr. Thompson's credible testimony that he did not represent her in this case."

{¶ 8} On December 4, 2017, the court issued a Decision and Entry overruling Alvarado's Motion to Strike the prior conviction element of her pending offense. The court made the following factual findings:

Defendant, Nicole Alvarado, was prosecuted for an alleged OVI or violation of section 4511.19(A)(1)(a) of the Ohio Revised Code * * * in approximately February of 2008. * * * [T]he matter was prosecuted in the Vandalia Municipal Court.

Defendant appeared in the Vandalia Municipal Court on or about the 19th day of February, 2008 and the docket sheet indicates that Defendant's attorney was "C. Thompson". Defendant initially entered a not guilty plea.

The record of proceedings of the Vandalia Municipal Court in this case, case no. 08TRC1473, does not contain a written entry from attorney

Christopher Thompson. Christopher Thompson did not file a notice of appearance, request for pretrial and time waiver as is his practice when representing a Defendant in Municipal Court.

Christopher Thompson does know the Defendant, he knows the Defendant because he has represented her ex-boyfriend in several cases.

Defendant entered the diversion program on or about February 19, 2008. As part of her entry into the diversion program, the Defendant signed a conditional plea. The conditional plea form is four pages long and is signed by the Defendant and the municipal court judge. On page two of the form Defendant indicates she is represented by a lawyer in the case and is satisfied by the competence of her lawyer and the quality of the legal assistance, advice and representation given to her by her lawyer. This situation is verified by Defendant initialing the form at the place where it indicates representation as opposed to non-representation.

Defendant did not meet all the conditions of the Vandalia Municipal Court diversion program. The court found, from the evidence, that the Defendant failed to successfully complete the diversion program and therefore terminated her from the program. Her plea of guilty was ordered placed of record. She was sentenced on or about November 10, 2008. The sentence involved a jail sentence of six months. The jail sentence was suspended except for three days. Defendant's driver's license was suspended for six months. The sentence was memorialized by a sentencing entry filed November 10, 2008.

{¶ 9} In its conclusions of law, the court found that Alvarado had failed to make a prima facie showing that use of her prior conviction as a penalty enhancement was unconstitutional, as the evidence established it was counseled. The court noted that it was "not contested that the prior conviction resulted in a confinement." The court again noted that Alvarado entered a conditional plea on February 19, 2008 "so she could enter the diversion program," and she stated at that time that she was represented by a lawyer and satisfied with his competence and representation. The court noted that, at the same time, Alvarado "indicated she was aware she was giving up various constitutional and statutory rights." The court noted that Alvarado was arraigned on February 4, 2008, and had a pretrial conference on February 19, 2008, at which time there was a pretrial offer of referral to diversion. The court was "convinced from the circumstances that an attorney counseled the Defendant at the time of her plea." It was significant to the court "the fact that there was a pretrial conference, apparently, as opposed to a trial date," that "certain benefits were provided to the Defendant," and that "these facts are indicia of some counseling."

{¶ 10} Alvarado entered her plea of no contest in this case on January 23, 2018, and was found guilty. On appeal, she asserts the following assignment of error:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED APPELLANT'S MOTION TO STRIKE PRIOR CONVICTION ELEMENT.

{¶ 11} Alvarado asserts that Thompson confidently asserted that he did not represent her in the case that resulted in her prior OVI conviction, and that "[t]his testimony provided the Trial Court with the prima facie showing that [Alvarado] was

required to make." She argues that the file from her prior conviction "added further weight" to her prima facie showing that she was uncounseled at her prior conviction. She asserts that, although "the conditional plea form showed that [Alvarado] indicated that she was represented by counsel, on the waiver of rights form, [she] failed to indicate whether or not she had counsel and whether or not she wanted counsel." According to Alvarado, her "own failure to provide an unambiguous indication that she either had counsel already or that she did not have counsel and did not want counsel—along with Chris Thompson's confident and assertive testimony—provided the prima facie showing that was required to shift the burden of proof to the State."

{¶ 12} The State responds that the trial court did not err in overruling Alvarado's motion. The State asserts that Alvarado "was required to prove by a preponderance of the evidence that her prior plea was constitutionally infirm." The State notes Thompson's testimony that "one must request a pretrial or the court will set the case for trial immediately because of speedy trial." The State further notes that "Alvarado's case was scheduled for a pre-trial conference on February 19, 2008 wherein the prosecutor recommended diversion." The State asserts that "according to the court's journal entries, Alvarado was represented by counsel at the time of her plea in her prior OVI case." Finally, according to the State, considering "Thompson's inability to recall whether he represented Alvarado, coupled with the court's journal entries, Alvarado failed to show by a preponderance of the evidence, or even make a prima facie showing, that her prior plea was uncounseled and, thus, constitutionally infirm."

{¶ 13} As this Court recently noted:

The Supreme Court of Ohio has addressed the circumstances and

manner in which a prior OVI conviction may be attacked for purposes of a penalty enhancement. In *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, 903 N.E.2d 618, the court stated:

> "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity." With respect to "uncounseled" pleas, we presume that the trial court in the prior convictions proceeded constitutionally until a defendant introduces evidence to the contrary. Thus, we conclude that for purposes of penalty enhancement in later convictions under R.C. 4511.19, after the defendant presents a prima facie showing that the prior convictions were unconstitutional because the defendant had not been represented by counsel and had not validly waived the right to counsel and that the prior convictions had resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.

*Id.* at ¶ 6, quoting *State v. Brandon*, 45 Ohio St.3d 85, 543 N.E.2d 501 (1989), syllabus.

*State v. Wood*, 2d Dist. Clark No. 2016-CA-69, 2018-Ohio-875, ¶ 29.

{¶ 14} Having reviewed the record, we conclude that the trial court accurately represented the contents of the file from the Vandalia Municipal Court in Case No. 2008-

TRC-1473. The court's "Docket/Journal Entry" reflects that Alvarado was charged on February 2, 2008, with a violation of R.C. 4511.19(A)(1)(a), she was arraigned on February 4, 2008, and at her February 19, 2008 pretrial she was offered a referral to diversion, as well as a stay of an ALS suspension. The "Docket/Journal Entry" identifies "C. Thompson" as "Attorney" and "CK" as "Prosecutor."

{¶ 15} As the trial court noted, Alvarado's four-page "Diversion Program Conditional Plea" form reflects an acknowledgement of the "constitutional and statutory rights" she gave up by entering her plea. The form provides: "In pleading guilty to the offense of which I am presently charged, I understand and certify: (initial one only)," and Alvarado's initials appear next to the following statement on the form: "That I am represented by a lawyer in this case and I am satisfied with the competence of my lawyer and the quality of the legal assistance, advice and representation given to me by my lawyer." The subsequent statement, which was not initialed, provides:

That I am not represented by a lawyer, but understand that I have a right to hire a lawyer to represent me in this matter. If I do not have the money to hire a lawyer, the Court will appoint a lawyer to me or will appoint a Public Defender to represent me in this case. Knowing this, I now voluntarily state that I do not want a lawyer to represent me and want to exercise my right to represent myself herein.

{¶ 16} The "Waiver of Rights" section of Alvarado's February 18, 2008 Diversion Application contains the following sentence: "I have a lawyer at this time/ I do not want a lawyer at this time." Neither of the two sentences separated by the hash mark was circled or underlined.

**{¶ 17}** The November 10, 2008 "Sentencing Entry" in the file reflects that the State requested a court order terminating Alvarado's diversion program, and that the court did terminate Alvarado from the Diversion Program, accepted her "plea of guilty previously entered in this case," and ordered "the plea placed of record as of 2-19-08." The entry reflects that Alvarado received a sentence of six months in jail with all but three days suspended.

**{¶ 18}** We agree with the trial court that Alvarado failed to make a prima facie showing that her prior conviction was uncounseled and therefore constitutionally infirm. While Thompson testified that he appeared in Vandalia Municipal Court up to 100 times, and that his standard practice included routine filings absent from the municipal court file, he further testified that he did not remember representing Alvarado, with whom he was acquainted, and that he could not guarantee that he followed his standard practice in every case. It is well-settled that a "court speaks through its journal entries." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47. The court's "Docket/Journal Entry" in the parties' stipulated exhibit identifies "C. Thompson" as "Attorney" for Alvarado. Presuming the proceedings in Vandalia Municipal Court were conducted in accordance with the rules of law, Alvarado, by marking her initials on her conditional plea form, certified the accuracy of the statement indicating that she was represented by counsel and satisfied with counsel's representation. The statement indicating an intent to "represent myself herein" was not initialed. We further agree with the trial court that the fact that Alvarado participated in a pretrial conference, at which the offer of diversion and a stay of an ALS suspension were extended and accepted, are further "indicia of some counseling," as evidenced by Thompson's own testimony.

{¶ 19} For the foregoing reasons, Alvarado's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Jans
Jeffrey T. Gramza
Hon. Timothy N. O'Connell