[Cite as *State v. Hernandez*, 2023-Ohio-3836.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                      Court of Appeals No.  F-22-008

    Appellee                                   Trial Court No.  21CR104

v.

Juan D. Hernandez                          **DECISION AND JUDGMENT**

    Appellant                                  Decided:  October 13, 2023

* * * * *

T. Luke Jones, Fulton County Prosecuting Attorney, and
Stacey S. Stiriz, Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from an April 6, 2022 judgment of the Fulton County

Court of Common Pleas, denying appellant's motion to suppress in the underlying 2021

DUI case.  The motion sought to exclude evidence of two of appellant's three prior DUI

convictions, a 2013 DUI conviction from the Bryan Municipal Court, and a 2017 DUI

conviction in the Fulton County Western District Court.

{¶ 2} For clarity on the scope of this appeal, we note that the appeal is confined to challenging the admission of evidence related to the 2013 DUI conviction in the Bryan Municipal Court. It does not encompass the 2017 DUI conviction in the Fulton County Western District Court. In addition, the motion to suppress did not challenge evidence related to appellant's 2014 DUI conviction in the Defiance Municipal Court. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Juan D. Hernandez, sets forth the following sole assignment of error:

{¶ 4} "1. It was a violation of appellant's due process rights when the Bryan Municipal Court destroyed [or misplaced] the [audio recording] transcript of appellant's plea and sentencing in the 2013 case."

{¶ 5} The following undisputed facts are relevant to this appeal. On August 15, 2021, appellant crashed his motor vehicle into a tree in rural Fulton County. Emergency responders who arrived at the scene observed that appellant smelled strongly of alcohol, had bloodshot eyes, and conceded that he had consumed multiple beers prior to the accident. In addition, a bag of marijuana was recovered from the vehicle's center console. Appellant was taken by ambulance to a Toledo-area hospital for emergency medical treatment.

{¶ 6} In response to the above-described incident, appellant was indicted in September of 2021 for operating a motor vehicle under the influence of alcohol and

2.

drugs, in violation of R.C. 4511.19, a felony of the fourth degree, as enhanced based upon an accompanying specification setting forth appellant's three prior DUI convictions, occurring in 2013, 2014, and 2017, respectively.

{¶ 7} On February 1, 2022, appellant filed a motion to suppress, challenging the admission of evidence of the 2013 and 2017 DUI convictions. It did not challenge evidence of the 2014 DUI conviction. On March 4, 2022, the motion to suppress hearing was conducted.

{¶ 8} As pertains to the 2013 DUI conviction from the Bryan Municipal Court, which underpins this appeal, counsel for appellant alleges that the failure of the Bryan Municipal Court to retain the audio recording of appellant's 2013 DUI change of plea hearing should be construed as a breach of Sup.R. 26.05(G)(2) regarding the retention of DUI case files by municipal courts, and in conjunction, the alleged records retention rule breach should then be construed as a breach appellant's due process rights based upon speculation that the missing recording may have shown a due process breach not otherwise reflected in the record of evidence.

{¶ 9} Although appellant maintains that the 2013 audio recording was destroyed, the record is devoid of evidence showing whether the unavailability of the recording resulted from misplacement or destruction. Regardless, all trial court case documents memorializing the proceedings in the 2013 DUI case, and comprising the trial court case file, were retained, available, and admitted into evidence.

3.

{¶ 10} We note that appellant makes no specific allegation setting forth a claimed constitutional defect occurring in the course of the 2013 DUI case. Consistently, the record of evidence is devoid of any such evidence. In addition, appellant denies any recollection of the relevant portions of the proceedings. Rather, counsel for appellant asserts that the 2013 recording "would have been helpful" in potentially unveiling a speculative constitutional due process breach against appellant.

{¶ 11} Contrary to appellant's conjecture-based position upon appeal, appellee submitted into evidence all of the trial court case file documents memorializing appellant's 2013 DUI change of plea and sentencing hearing. Appellee submitted into evidence appellant's initialed and executed acknowledgment and statement of rights, waiver of rights, entry of guilty plea, and the corresponding final judgment entry of conviction and sentence.

{¶ 12} The transcript of the suppression hearing reflects that appellant does not deny that the trial court adhered to his constitutional rights during the course of the 2013 proceedings. The trial court inquired of appellant, "Don't they [the Bryan Municipal Court] play recording of the rights?" Appellant initially replied, "Yea." Appellant then modified his testimony, stating, "I can't remember." The trial court followed up by asking, "So you had been in court when the rights were read, correct?" Appellant replied, "Yes. I think."

4.

{¶ 13} Similarly, the trial court then inquired, "When you went in the first time to court and they arraigned you, they informed you of the charges and the potential penalties, am I correct?" Appellant replied, "I can't remember." However, the trial court then noted, "This form says that you listened to a recording that advised you of all these rights and you signed it * * * Is that correct?" Appellant replied, "I can't remember."

{¶ 14} Upon cross-examination, appellee inquired, "So you did put your initials on the one that says waive the right to counsel of your own choice, correct? And you waived your right to counsel * * * and you initialed those things." Appellant ultimately conceded, "Yes."

{¶ 15} At the conclusion of the suppression hearing, appellant alleged that constitutional impropriety was demonstrated by the unavailability of the 2013 DUI change of plea audio recording, regardless of the admission of the case file documents of the proceedings, all of which were demonstrative of constitutional compliance. In response, appellee asserted that appellant failed to allege or demonstrate any specific constitutional impropriety, and that the uncontroverted 2013 DUI trial court case file reflected none. As such, appellee asserted that the motion to suppress should be denied.

{¶ 16} On April 5, 2022, the trial court's motion to suppress decision was issued. The trial court explained, "At issue in this case is the propriety of the state being allowed to introduce two prior [DUI] convictions * * * the State introduced five exhibits * * *

5.

from the Bryan Municipal Court * * *the tapes had either been destroyed or were [otherwise] unavailable."

{¶ 17} In denying appellant's motion to suppress, the trial court held, "The only credible evidence before the court is the defendant's signature on the waiver of rights * * * at no time during defendant's testimony did the defendant indicate he did not understand * * * the defendant had significant issues with recalling all of the events surrounding his plea and is, therefore, not credible * * * the 2013 conviction from the Bryan Municipal Court is admissible to show a prior conviction." This appeal ensued.

{¶ 18} In the sole assignment of error, appellant alleges that the motion to suppress denial was improper based upon the unavailability of his 2013 DUI change of plea recording from the Bryan Municipal Court. We do not concur.

{¶ 19} As held by this court in *State v. Patton*, 6th Dist. Huron No. H-22-001, 2022-Ohio-3856, ¶ 37-38,

It is well-established that appellate court review of a disputed motion to suppress presents a mixed question of fact and law. As held by the Ohio Supreme Court in *State v. Codeluppi*, 139 Ohio St.3d 165, 10 N.E.3d 691, 2014-Ohio-1574, ¶ 7, 'When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 582 N.E.2d 972 (1992). Consequently, an

6.

appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E. 583 (1982). Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara*, 124 Ohio App.3d 708, 707 N.E.2d 539 (1997).

{¶ 20} In principal support of this appeal, appellant maintains that the trial court's unavailability of the 2013 change of plea audio recording constituted a breach of Rule of Superintendence ("Sup.R.") 26.05(G)(2), and that the alleged administrative breach should be construed as a violation of appellant's constitutional due process rights based upon corollary speculation that a constitutional breach could have been reflected by the audio recording. We do not concur.

{¶ 21} We have consistently held that the Rules of Superintendence are not the equivalent of rules of procedure and have no force equivalent to a statute. *In re T.C.,* 6th Dist. Lucas No. L-15-1106, 2015 Ohio 3665, ¶ 21, quoting *State v. Gettys*, 49 Ohio App.2d 241, 243, 360 N.E.2d 735 (3d Dist.1976). They are internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individuals. *Id. See also In re M.N.*, 6th Dist. Ottawa Nos. OT-12-002, OT-12-003, OT-12-004, OT-12-016, 2013-Ohio-836, at ¶ 23 and *State v. Kennedy*, 6th Dist. Wood No. WD-81-19, 1981 WL 5849, *2 (Dec. 4, 1981).

7.

{¶ 22} Therefore, appellant's assertion that his conviction should be vacated based upon the Ohio Rules of Superintendence is meritless. *S.C. v. T.H.*, 9 Dist., Summit No. 29594, 154 N.E.3d 345, 2020-Ohio-2698, ¶ 8.

{¶ 23} Appellant further maintains that "evidence that Appellant waiver of his right to counsel was unconstitutional was destroyed by the Bryan Municipal Court."

{¶ 24} Recently, where remarkably similar claims have been made, we have again held that where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity. *State v. Gerken,* 6th Dist. Fulton No. F-22-007, 2023-Ohio-2244, ¶ 27-40, citing *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 8.

{¶ 25} With respect to 'uncounseled' pleas, we presume that the trial court in the prior convictions proceeded constitutionally until a defendant introduces evidence to the contrary. *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, 903 N.E.2d 618, ¶ 6.

{¶ 26} At the suppression hearing the following exchange took place with the trial court:

Q: Okay and how was the written waiver of rights presented to you?

A: The bailiffs- yea the bailiffs just threw it in front of me on the

table and said initial here, here, here, here.

8.

Q: Okay and all of those things that were initialed, did thew Judge read those to you in open court?

A: Not that I recall.

{¶ 27} The trial court concluded that "defendant had significant issues with recalling all of the events surrounding his plea and is therefore not credible."

{¶ 28} It is undisputed that appellant executed the waiver form presented to him in the 2013 case in the Bryan Municipal Court. The trial court further noted that "at no time during Defendant's testimony did the defendant indicate that he did not understand that he was waiving his right to counsel–along with other significant rights–at the time he entered his plea."

{¶ 29} The record contains State's Exhibit 1, captioned "STATEMENT OF RIGHTS AND ACKNOWLEDGMENT," signed and dated by appellant, in which appellant expressly acknowledges being fully advised of the pending charges and all of the accompanying consequences, as well as all implicated constitutional rights.

{¶ 30} The record also contains State's Exhibit 2, which is a signed, dated, and initialed waiver of all constitutional rights by appellant. The record further contains the change of plea to guilty to DUI form, executed and dated by appellant, in which appellant again expressly acknowledges his voluntary entry of the plea and his awareness and waiver of all related constitutional rights. Lastly, the record contains the final judgment entry, memorializing the change of plea and the sentence imposed by the trial court.

9.

{¶ 31} Like appellant in *Gerken,* Hernandez had the burden to make a prima facie showing of constitutional infirmity in this case. It was necessary that he present some evidence that showed that he was not, in fact, afforded his right to counsel. Like Gerken, Hernandez testified at the suppression hearing, but he could not recall any facts germane to the issue of whether he was given an explanation or understood that he was waiving his right to counsel in the 2013 conviction. Nevertheless, the evidence establishes that he unmistakably signed his waiver of right to counsel. As such, Hernandez has not presented the threshold evidence to establish his prima facie showing. *Id.* at ¶ 31.

{¶ 32} When reviewing a motion to suppress, an appellate court must defer to the trial court's credibility determinations and other factual findings if they are supported by competent, credible evidence. *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. We find that competent, credible evidence supports the trial court's credibility determination and "[a] bald allegation of constitutional infirmity is insufficient to establish a prima facie showing with respect to an 'uncounseled' plea." *Thompson* at ¶ 7.

{¶ 33} Wherefore, we find that the submitted 2013 trial court case file documents constitute competent, credible evidence in support of the trial court's motion to suppress decision. Thus, we find appellant's assignment of error to be not well-taken.

**{¶ 34}** On consideration whereof, the judgment of the Fulton County Court of

Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal

pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J. _____

                               JUDGE

Christine E. Mayle, J.

                   _____

Charles E. Sulek, J.                            JUDGE
CONCUR.

                   _____

                               JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.