[Cite as *State v. Ruggiero*, 2019-Ohio-2545.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | | |
|---|---|---|---|
| STATE OF OHIO | | | C.A. No. 29262 |
| Appellee | | | |
| v. | | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN P. RUGGIERO | | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | | CASE No. CR-2017-07-2505 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2019

CALLAHAN, Judge.

{¶1} Appellant, John Ruggiero, appeals an order of the Summit County Court of Common Pleas that denied his motion to dismiss. This Court affirms.

I.

{¶2} In 2017, Mr. Ruggiero was charged with domestic violence in the Akron Municipal Court ("the municipal court case"). He entered into a plea agreement and, as a result, pleaded no contest to assault in violation of Akron Municipal Code 135.03. The municipal court imposed a fine, sentenced him to 180 days in jail with all but four days suspended, placed him on probation, and ordered him to have no contact with the victim. Approximately two months later, Mr. Ruggiero was charged with domestic violence again. The indictment alleged that he violated R.C. 2919.25(A) by causing or attempting to cause physical harm to a family or household

member.[1] The indictment also alleged that because Mr. Ruggiero had previously been convicted of an offense that served to enhance the domestic violence charge, it constituted a fourth-degree felony.

{¶3} Mr. Ruggiero moved to dismiss the indictment, arguing that it was not customary in Summit County for an assault conviction to provide grounds for an enhanced domestic violence charge. He also argued that although he was represented by counsel in the municipal court case, counsel had not informed him that a conviction for assault could lead to enhancement of a domestic violence charge in the future. The trial court denied the motion to dismiss.

{¶4} Mr. Ruggiero pleaded no contest to the fourth-degree-felony domestic violence charge, and the trial court sentenced him to two years of community control. Mr. Ruggiero filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION TO DISMISS IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 4TH, 6TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10, 14, AND 16 OF THE OHIO CONSTITUTION.

{¶5} Mr. Ruggiero's assignment of error argues that the trial court erred by denying his motion to dismiss the indictment. This Court disagrees.

{¶6} "[A] criminal defendant may not be sentenced to a period of incarceration unless the defendant is represented by counsel or the defendant knowingly waives his right to counsel."

---

[1] During a pretrial appearance on November 26, 2018, Mr. Ruggiero stipulated that the victim in both cases is the mother of his child and, during his sentencing hearing, he clarified that they had been engaged to be married. Whether the victim of the prior assault was a family or household member is, therefore, not at issue in this appeal.

*State v. Brandon*, 45 Ohio St.3d 85, 87 (1989). For this reason, criminal defendants may collaterally attack a conviction that results from an uncounseled plea when that conviction is used to enhance the penalty of a later criminal offense. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 9. A trial court considering a collateral challenge must presume that the underlying proceedings comported with the law, but the defendant may rebut this presumption by establishing a prima facie showing that the prior conviction was uncounseled. *Id.* at ¶ 11, citing *Brandon* at syllabus. "[W]hen the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived." *Brooke* at ¶ 11. In order to shift the burden to the State, the defendant "must introduce evidence" establishing that the prior conviction was uncounseled. *Brandon* at 88. *See also State v. Adams*, 37 Ohio St.3d 295 (1988), paragraph two of the syllabus. This burden is "hardly difficult." *Brandon* at 88.

{¶7} Mr. Ruggiero did not establish a prima facie showing that his prior no contest plea to assault was uncounseled. To the contrary, he acknowledged that he did have the assistance of counsel in the municipal court case, but argues that because counsel did not inform him that a conviction for assault could enhance a subsequent domestic violence charge, he functionally had no counsel at all. In other words, Mr. Ruggiero suggests that a collateral attack should be permitted not only for uncounseled prior convictions, but for prior convictions in which the defendant received ineffective assistance of counsel.

{¶8} The ability to collaterally attack an uncounseled prior conviction, however, addresses "a unique constitutional defect" grounded in the right of an indigent defendant to have counsel appointed. *Custis v. U.S.*, 511 U.S. 485, 495-496 (1994), citing *Burgett v. Texas*, 389

U.S. 109, 115 (1967) and *Gideon v. Wainwright*, 372 U.S. 335 (1963). Consequently, the United States Supreme Court has ruled that the ability to raise a collateral challenge to a prior conviction used for enhancement purposes does not extend to issues of ineffective assistance of counsel. *Id.* Ohio courts have also consistently recognized that this collateral attack is only available when the defendant alleges that a prior conviction was uncounseled within the meaning of *Custis*. *See State v. Hogue*, 3d Dist. Allen No. 1-17-58, 2018-Ohio-1109, ¶ 16-17; *State v. Menkhaus*, 12th Dist. Clermont No. CA2015-04-035, 2016-Ohio-550, ¶ 11-13; *State v. Lusane*, 11th Dist. Portage No. 2014-P-0057, 2016-Ohio-267, ¶ 13-19; *State v. Drager*, 2d Dist. Montgomery No. 26067, 2014-Ohio-3056, ¶ 11-13; *State v. Mikolajczyk*, 8th Dist. Cuyahoga No. 93085, 2010-Ohio-75, ¶ 32-33; *State v. Lamar*, 10th Dist. Franklin No. 00AP-1204, 2001 WL 722084, \*3 (June 28, 2001); *State v. Culberson*, 142 Ohio App.3d 656, 660-663 (7th Dist.2001).

{¶9} Mr. Ruggiero did not establish a prima facie showing that his conviction in the municipal court case was uncounseled, and he could not raise a collateral challenge to that conviction based on alleged ineffective assistance of counsel in the context of this case. The trial court did not err by denying his motion to dismiss on this basis, and Mr. Ruggiero's assignment of error is overruled.

III.

{¶10} Mr. Ruggiero's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.