[Cite as *State v. Medford*, 2025-Ohio-140.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

THOMAS C. MEDFORD,

    DEFENDANT-APPELLANT.

CASE NO. 15-24-04

O P I N I O N

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-23-11-131

**Judgment Affirmed**

**Date of Decision:  January 21, 2025**

APPEARANCES:

    *Kenneth J. Rexford* **for Appellant**

    *Dillon W. Staas, IV* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Thomas C. Medford ("Medford"), appeals the April 25, 2024 judgment entry of sentence of the Van Wert County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On November 2, 2023, the Van Wert County Grand Jury indicted Medford on a single count of operating a motor vehicle while under the influence of alcohol or drugs of abuse ("OVI") in violation of R.C. 4511.19(A)(1)(h), (G)(1)(d), a fourth-degree felony. The indictment specified that Medford had three OVI convictions within the previous ten years—namely, Medford was convicted of OVI on April 13, 2023 and June 30, 2020 in the Van Wert Municipal Court and on December 9, 2016 in the Lima Municipal Court. On November 8, 2023, Medford appeared for arraignment and pleaded not guilty to the indictment.

{¶3} On February 1, 2024, Medford filed a motion "to suppress the alleged prior in Van Wert Municipal Court Case No. TRC 20 01370." (Doc. No. 22). Specifically, Medford argued that his 2020 OVI conviction "is constitutionally infirm and unavailable as an enhancing prior" because it "was taken with insufficient waiver of the right to counsel." (*Id.*). Medford further argued that "the resulting entry [in that case] is so flawed as to not result in a final, appealable order" and that "its use as an enhancing 'prior' is *res judicata* . . . ." (Emphasis in original.) (*Id.*). The State filed a memorandum in opposition to Medford's motion to suppress

on February 20, 2024.  On March 8, 2024, the trial court denied Medford's motion to suppress after determining that Medford "waived counsel and entered the plea knowingly, intelligently and of his own free will" in the prior case; the resulting judgment entry of sentence in the prior case was a final, appealable order; and Medford's conviction in the prior case was not barred by the doctrine of res judicata for enhancement purposes.  (Doc. No. 26).

{¶4} The case proceeded to a bench trial on March 25, 2024.  That same day, the trial court found Medford guilty of the charge alleged in the indictment.  On April 25, 2024, the trial court sentenced Medford to 30 months in prison.  (Doc. No. 37).   The trial court also imposed a lifetime driver's license suspension.

{¶5} Medford filed his notice of appeal on May 2, 2024.  He raises five assignments of error for our review.  For ease of our discussion, we will begin by addressing Medford's first, second, and third assignments of error together, followed by his fourth and fifth assignments of error together.

## First Assignment of Error

**The Trial Court erred in denying the defense motion to suppress and exclude an alleged prior tainted by an incomplete and ineffective waiver of counsel.**

## Second Assignment of Error

**The Trial Court erred in denying a defense motion to exclude the sentencing entry as to one alleged Van Wert Municipal Court prior for lack of a final, appealable order in that case.**

**Third Assignment of Error**

**The Trial Court erred in finding Mr. Medford guilty of a felony O.V.I. for *res judicata* reasons.**

{¶6} In his first, second, and third assignments of error, Medford argues that trial court erred by denying his motion to suppress his 2020 OVI conviction from being used to enhance the degree of his OVI offense in this case. In particular, Medford contends in his first assignment of error that his 2020 OVI conviction "should not have been used to enhance penalty in this case" because he "was sentenced [in that case] to actual incarceration without the assistance of counsel . . . ." (Appellant's Brief at 8). Medford specifically argues in his second assignment of error that the trial court should have suppressed his 2020 OVI conviction due to flaws with the sentencing entry in that case. Finally, Medford argues in his third assignment of error that, because the charge in the April 2023 OVI case was amended "to a first offense," "the lack of appeal by the State of Ohio on that reduction should have made the issue of whether the instant offense is a 'fourth offense' a matter of *res judicata*." (Emphasis in original.) (*Id.* at 18).

*Standard of Review*

{¶7} A review of the denial of a motion to suppress involves mixed questions of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the evidence and the credibility of witnesses. *Id.* *See also State v. Carter*,

72 Ohio St.3d 545, 552 (1995). When reviewing a ruling on a motion to suppress, "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. With respect to the trial court's conclusions of law, however, our standard of review is de novo, and we must independently determine whether the facts satisfy the applicable legal standard. *Id.*

*Analysis*

{¶8} R.C. 4511.19(A)(1)(a) provides that "[n]o person shall operate any vehicle . . . within this state, if, at the time of the operation, . . . [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." "In general, an offender who violates this provision is guilty of a first degree misdemeanor." *State v. Gerken*, 2023-Ohio-2244, ¶ 22 (6th Dist.), citing R.C. 4511.19(G)(1)(a). If, however, the offender, within ten years of the offense, previously has been convicted of OVI on three or four prior occasions, the offense of OVI becomes chargeable as a fourth-degree felony. R.C. 4511.19(G)(1)(d). "In cases where "'existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state."'" *Gerken* at ¶ 22, quoting *State v. Meyers*, 2015-Ohio-5499, ¶ 10 (6th Dist.), quoting *State v. Brooke*, 2007-Ohio-1533, ¶ 8. "'R.C. 2945.75(B)(2) requires the state to make a prima facie showing of the prior convictions.'" *Id.*, quoting *Meyers* at ¶ 10.

{¶9} Here, the record reflects that Medford was convicted of OVI on three separate occasions in the previous ten years. Specifically, Medford was convicted of OVI on April 13, 2023 and June 30, 2020 in the Van Wert Municipal Court and on December 9, 2016 in the Lima Municipal Court. In his first, second, and third assignments of error, Medford argues that the trial court erred by denying his motion to suppress his 2020 OVI conviction for use as a penalty enhancement in this case. Medford contends that his 2020 OVI conviction cannot be used to enhance the penalty in this case because (1) the judgment entry of sentence is not a final, appealable order since it does not comport with Crim.R. 32(C); (2) he was sentenced to a term of incarceration without the assistance of counsel in that case; and (3) it is barred by the doctrine of res judicata since the infirmities with the 2020 OVI were litigated in the April 2023 OVI case.

*Final, Appealable Order*

{¶10} Medford argues in his second assignment of error that the trial court erred by denying his motion to suppress his 2020 OVI conviction because the sentencing entry in that case contains certain defects which render the order not final and appealable. Specifically, Medford contends that the sentencing entry in the 2020 case is defective because it does not "indicate what the offense was" and "the document itself was fundamentally flawed as to form, in several ways." (Appellant's Brief at 12, 14). Medford identifies those "flaws" as (1) the entry "indicates that it is a 'Journal Entry' regarding a plea change and not a "Judgment

-6-

Entry' of Sentencing"; (2) "[t]here is no proof of service within this document"; (3) it does "not indicate that the 20 days imposed would be mandatory, which is required for an OVI second offense"; and (4) it does not indicate whether "Mr. Medford had proceeded without counsel or that he had waived counsel." (*Id.* at 14, 16).

{¶11} Courts of appeal in Ohio have appellate jurisdiction over "final appealable orders." Ohio Constitution, Article IV, Section 3(B)(2). Crim.R. 32(C) requires that a "judgment of conviction shall set forth the fact of conviction and the sentence" and that the judge "sign the judgment and the clerk . . . enter it on the journal." Analyzing the requirements of Crim.R. 32(C), the Supreme Court of Ohio advised that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 2011-Ohio-5204, syllabus.

{¶12} R.C. 2945.75(B)(1) provides that, "[w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." "When, pursuant to R.C. 2945.75(B)(1), the [S]tate offers judgment entries to prove the element of prior OVI convictions in order to increase the offense

level of a later OVI charge under R.C. 4511.19(G)(1)(d), the judgments must comply with Crim.R. 32(C)." *Gerken*, 2023-Ohio-2244, at ¶ 36 (6th Dist.).

**{¶13}** The entry in the 2020 OVI case comports with the requirements of Crim.R. 32(C). *Id.* at ¶ 39 (addressing Gerken's collateral attack of a prior conviction to subsequently enhance a penalty in a later case based on an argument that it did not comply with Crim.R. 32(C)). Specifically, the sentencing entry reflects Medford's guilty plea, the trial court's finding of guilt, Medford's sentence, the judge's signature, and a time stamp for entry on the clerk's file. *Compare State v. Ellis*, 2018-Ohio-898, ¶ 14 (3d Dist.) (concluding that the judgment entry of sentence satisfied the requirements of Crim.R. 32(C) because it contained "Ellis's plea of no contest, the trial court's finding of guilt, Ellis's sentence, the judge's signature, and a time stamp for entry on the clerk's file"). *See also State v. Allen*, 2017-Ohio-7976, ¶ 15 (6th Dist.) (analyzing that "although Allen's sentence omits the degree of the offense, this is not one of the substantive requirements of Crim.R. 32(C) and its omission does not void his sentence").

**{¶14}** In other words, the issues raised by Medford "may require greater attention to detail by the trial court in fashioning its entries, but they do not impact the appealability" of the entry. *Ellis* at ¶ 15 (rejecting Ellis's contention that the entry was not final and appealable, in part, because it did not direct the clerk of courts to serve a copy on him). For instance, "[w]hile it is certainly better practice for a trial court to label its final entry as a 'judgment entry' rather than a 'journal

entry' it does not impact the appealability of the order provided it otherwise complies with . . . Crim.R. 32(C)." *Id.* at ¶ 14. Therefore, Medford's contention that his 2020 OVI conviction cannot be used to enhance the penalty in this case based on defects in the sentencing entry is without merit. Accordingly, Medford's argument, alleging that that trial court erred by denying his motion to suppress his 2020 OVI conviction due to a defective sentencing entry, is without merit.

*Assistance of Counsel*

**{¶15}** Medford further argues in his first assignment of error that his 2020 OVI conviction cannot be used to enhance the penalty in this case since he was sentenced to a term of incarceration without the assistance of counsel in that case. "'Generally, a past conviction cannot be attacked in a subsequent case; however, there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense.'" *Gerken*, 2023-Ohio-2244, at ¶ 25 (6th Dist.), quoting *State v. Phillips*, 2010-Ohio-1941, ¶ 6 (12th Dist.). "To date, a conviction obtained without the assistance of counsel or with an invalid waiver of the right to counsel has been the only constitutional infirmity that has been recognized by the Ohio or the United States Supreme Courts with regard to a collateral attack on a conviction that was used to enhance a criminal penalty." *Id.* "Thus, '[i]n repeat OVI offender cases where prior convictions for OVI are used to enhance the penalty for a later OVI conviction, a defendant may attack the constitutionality of a prior conviction if the conviction was obtained in

violation of the defendant's right to counsel.'" *Id.*, quoting *Meyers*, 2015-Ohio-5499, at ¶ 11 (6th Dist.). "'"Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity."'" *Id.* at ¶ 27, quoting *Brooke*, 2007-Ohio-1533, at ¶ 11, quoting *State v. Brandon*, 45 Ohio St.3d 85 (1989), syllabus.

**{¶16}** "'With respect to "uncounseled" pleas, we presume that the trial court in the prior convictions proceeded constitutionally until a defendant introduces evidence to the contrary.'" *Id.*, quoting *State v. Thompson*, 2009-Ohio-314, ¶ 6.

> For purposes of penalty enhancement in later convictions under R.C. 4511.19, after the defendant presents a prima facie showing that the prior convictions were unconstitutional because the defendant had not been represented by counsel and had not validly waived the right to counsel and that the prior convictions had resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.

*Thompson* at syllabus. "In making the showing that a defendant had not been represented by counsel and had not validly waived the right to counsel, 'a defendant need only provide an affidavit or testimony supporting his allegation[s].'" *Gerken*, at ¶ 28, quoting *State v. Biazzo*, 2010-Ohio-4485, ¶ 16 (8th Dist.). "Once this showing has been made, the burden shifts to the state to demonstrate that the right to counsel was properly waived." *Id.*

{¶17} In his first assignment of error, Medford contends that his 2020 conviction cannot be used to enhance the penalty of the offense at issue in this case because he did not knowingly, intelligently, and voluntarily waive his right to the assistance of counsel in that case. However, as an initial matter, Medford's argument collaterally attacking his 2020 OVI conviction from being used as a penalty enhancement in this case may be barred by the doctrine of res judicata since he has an intervening OVI conviction. *See State v. Menkhaus*, 2016-Ohio-550, ¶ 15 (12th Dist.). Notwithstanding that issue, based on the argument that Medford raises in his third assignment of error, we will address the merits of Medford's argument raised in his first assignment of error.

{¶18} Under Crim.R. 44(B), a defendant may not be sentenced "unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." "In determining whether a defendant properly waived counsel in a prior case, a distinction must be made between serious offenses and petty offenses." *Gerken* at ¶ 29. "A petty offense is defined as 'a misdemeanor other than a serious offense.'" *Id.*, quoting Crim.R. 2(D). "A serious offense is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."" *Id.*, quoting Crim.R. 2(C). "In petty offense cases, waiver of counsel shall be made in open court and recorded." *Id.*, citing Crim.R. 22 (asserting that "[i]n petty offenses all waivers of counsel required by Rule 44(B) shall be recorded") and Crim.R. 44(C) (stating that "[w]aiver of

counsel shall be in open court and the advice of waiver shall be recorded as provided in Rule 22"). "And in serious offense cases, the waiver shall be in writing, made in open court, and recorded." *Id.*

{¶19} "'"'The requirements of Crim.R. 44 and 22 are mandatory, and failure to [substantially] comply with these procedures constitutes error."'" *State v. Thompson*, 2009-Ohio-185, ¶ 10 (3d Dist.), quoting *State v. Constable*, 2005-Ohio-1239, ¶ 31 (12th Dist.), quoting *Mason v. Krivinsky*, 1998 WL 314384, *2 (12th Dist. June 15, 1998). *See also Akron v. Ragle*, 2005-Ohio-590, ¶ 9 (9th Dist.) ("Substantial compliance with Crim.R. 44 waiver of counsel is sufficient in a petty offense case like the one at bar."). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶20} It is clear to us that the trial court did not err by denying Medford's motion to suppress his 2020 conviction because the trial court substantially complied with the requirements of Crim.R. 22 and 44 when accepting Medford's waiver of counsel in that case. Critically, the evidence that Medford presented at the suppression hearing reflects that the Van Wert Municipal Court substantially complied with the requirements of the criminal rules when Medford knowingly, intelligently, and voluntarily waived his right to counsel in open court prior to pleading guilty in the 2020 case. Indeed, since the 2020 OVI conviction was for a

petty offense, Medford's waiver of counsel was required to be in open court and recorded, but it did not have to be in writing. *Compare Gerken* at ¶ 30 (addressing that, since "[t]he record indicates that the 2004 OVI conviction was for a petty offense," "a waiver of Gerken's right to counsel had to be in open court and recorded, but it did not have to be in writing"). The evidence that Medford presented at the suppression hearing reflects that his waiver of counsel comported with the requirements of the Rules of Criminal Procedure—that is, his waiver was in open court and was recorded. *See Meyers*, 2015-Ohio-5499, at ¶ 22 (6th Dist.).

**{¶21}** Nevertheless, Medford contends that the Van Wert Municipal Court failed to conduct a proper colloquy to determine whether he knowingly, intelligently, and voluntarily waived his right to counsel. Specifically, Medford contends (without any citation to authority) that his waiver of counsel in the 2020 case was invalid because "any discussion of possible withdrawal of counsel and waiver of counsel should not have occurred without counsel present." (Appellant's Brief at 10). Medford further contends that his uncounseled plea is constitutionally infirm because the Van Wert Municipal Court failed "to engage in a colloquy with [him] regarding 'the nature of the charges the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges, and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter' . . . ." (*Id.* at 10-11).

**{¶22}** "To establish an effective waiver of the right to counsel, the trial court must 'make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right.'" *State v. Conard*, 2024-Ohio-1906, ¶ 14 (2d Dist.), quoting *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph two of the syllabus. "For a petty offense, voluntary and knowing waiver may be shown through the court's colloquy with the defendant." *Brooke*, 2007-Ohio-1533, at ¶ 54.

**{¶23}** "'To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand.'" *State v. Dingman*, 2024-Ohio-3327, ¶ 18 (2d Dist.), quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723-724 (1948). "There is no formula or script that a trial court must follow in every case in order to comport with the requirements of the Sixth Amendment." *State v. Tucker*, 2016-Ohio-1353, ¶ 11 (9th Dist.). Thus, "[t]o be valid, a waiver of counsel '"must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."'" *Conard* at ¶ 14, quoting *Gibson* at 377, quoting *Von Moltke* at 723. *See also State v. Yeager*, 2005-Ohio-4932, ¶ 8 (9th Dist.) (noting that "the trial court's discussion of possible defenses and mitigating circumstances need not be fact specific").

-14-

"Additionally, 'the defendant "should be made aware of the dangers and disadvantages of self-representation.""'" *Conard* at ¶ 14, quoting *State v. Perdue*, 2010-Ohio-565, ¶ 44 (2d Dist.), quoting *State v. Gatewood*, 2009-Ohio-5610, ¶ 33 (2d Dist.).

**{¶24}** "While no one factor is dispositive, the trial court should consider whether the defendant was advised of the nature of the charges and the range of allowable punishments, and, in addition, may consider whether the trial court advised the defendant of the possible defenses to the charges and applicable mitigating circumstances." *State v. Trikilis*, 2005-Ohio-4266, ¶ 13 (9th Dist.). "The trial court, however, does *not* need to 'undertake pseudo-legal representation of a defendant by specifically advising him of possible viable defenses or mitigating circumstances,' and, instead 'a broader discussion of defenses and mitigating circumstances as applicable to the pending charges is sufficient.'" (Emphasis added.) *State v. Bloodworth*, 2013-Ohio-248, ¶ 12 (9th Dist.), quoting *State v. Ragle*, 2005-Ohio-590, ¶ 12 (9th Dist.). "A court may also consider various other factors, including the defendant's age, education, and legal experience." *Trikilis* at ¶ 13.

**{¶25}** "Whether a defendant knowingly, intelligently, and voluntarily waived the right to counsel is an issue that we review de novo." *State v. Reece*, 2019-Ohio-2259, ¶ 14 (6th Dist.). *See also Thompson* at ¶ 8 ("Generally, Ohio courts look to see whether under the totality of the circumstances, the defendant's

waiver of his or her right to counsel was voluntarily, knowingly, and intelligently given."). "In doing so, we must independently examine the record to determine 'whether the totality of circumstances demonstrates a knowing, intelligent, and voluntary waiver of the right to counsel.'" *State v. Smallwood*, 2020-Ohio-5556, ¶ 9 (6th Dist.), quoting *State v. Guess*, 2014-Ohio-771, ¶ 9 (4th Dist.).

**{¶26}** In its March 8, 2024 decision denying Medford's motion to suppress, the trial court determined that Medford "waived counsel and entered the plea knowingly, intelligently and of his own free will" after he "had an extensive dialogue with the [Van Wert Municipal Court] on his desire to go forward without counsel . . . ." (Doc. No. 26). In reaching its decision, the trial court further found that Medford "appeared for arraignment [in the 2020 case] and was advised of his rights, acknowledged understanding his rights, . . . and was informed of the maximum sentence in [the] matter." (*Id.*). The trial court further found that, at the change-of-plea hearing, Medford "reiterated his desire to represent himself and requested to enter a guilty plea and proceed to sentencing so he could move on from [the] charge as soon as possible" and the Van Wert Municipal Court "properly and adequately engaged in a Crim.[R.] 11 dialogue." (*Id.*).

**{¶27}** Based on our review of the record, we conclude that Medford did not present a prima facie showing that he did *not* knowingly, intelligently, and voluntarily waive his right to the assistance of counsel before pleading guilty in the 2020 OVI case. Indeed, the trial court's determination that Medford knowingly,

-16-

intelligently, and voluntarily waived his right to counsel in the 2020 case is supported by competent, credible evidence. Specifically, the audio recording presented by Medford at the suppression hearing reflects that Medford, at his arraignment, unequivocally stated that he understood his rights (as presented to him) and the pleas available to him. (*See* Joint Ex. A). That audio recording further reflects that Medford assented that he understood the charges against him and the possible punishment that he was facing.

{¶28} Furthermore, the record reflects that counsel was appointed for Medford after his arraignment. However, prior to the next hearing, Medford's appointed counsel filed a motion (at Medford's request) to withdraw as counsel in the case. The audio recording of Medford's change-of-plea hearing reflects that the Van Wert Municipal Court (before granting the motion) inquired why Medford wished to discharge his appointed counsel. Medford explained that he wanted to resolve the matter quickly so that he could obtain employment. Medford further explained that he desired to accept the offer presented by the State, which Medford believed was more favorable than what was presented to him by his appointed counsel. The Van Wert Municipal Court cautioned Medford about the effect of a sentencing recommendation and Medford maintained that he wished to waive his right to counsel and plead guilty.

{¶29} Moreover, even though his waiver was not required to be in writing, the record reflects that the Van Wert Municipal Court presented Medford with a

written waiver of counsel.  *Compare Parma v. Romain*, 2006-Ohio-3952, ¶ 13 (8th Dist.) (resolving that the prior "OVI conviction cannot be held to have been uncounseled, and it was entirely proper for the trial court to have considered that prior conviction for enhancement purposes" since "there is clear evidence of a form signed by appellant waiving his constitutional right to counsel").  "[I]n a petty offense case, even in the absence of a hearing transcript, a waiver of counsel form signed by the judge and the defendant at the plea hearing and filed with the court may be sufficient to satisfy the[] requirements."  *State v. Combs*, 2007-Ohio-7035, ¶ 16 (9th Dist.).  Here, the written waiver (signed by Medford) states:

> Having been fully advised of my right to assistance of counsel at all stages of these proceedings, including my right to have counsel appointed without costs, to represent me if I am unable to employ counsel on my own; and fully understanding this explanation, I do hereby KNOWINGLY, INTELLIGENTLY & VOLUNTARILY WAIVE my right to counsel.

(Emphasis in original.)  (Doc. No. 22).  Critically, the record reflects that Medford was presented the written waiver in open court, asked to read it, and then signed it in open court prior to the Van Wert Municipal Court accepting his guilty plea.  *See Brooke*, 2007-Ohio-1533, at ¶ 47.

{¶30} Based on that evidence, we conclude that the totality of the circumstances demonstrate that Medford knowingly, intelligently, and voluntarily waived his right to the assistance of counsel before pleading guilty in the 2020 OVI case.  *See State v. Rodeheaver*, 2023-Ohio-3283, ¶ 20 (5th Dist.).  As a result,

Medford did not present a prima facie showing of a constitutional infirmity regarding his 2020 conviction. Therefore, the burden of establishing that Medford validly waived assistance of counsel did not shift to the State. *See Thompson*, 2009-Ohio-314, at ¶ 8. Consequently, the trial court did not err by denying Medford's motion to suppress his 2020 OVI conviction for this reason.

### *Res Judicata*

**{¶31}** Finally, Medford argues in his third assignment of error that the trial court erred by denying his motion to suppress his 2020 OVI conviction for use as a penalty enhancement in this case since his April 2023 OVI conviction was amended to a first offense. In other words, Medford contends that the infirmities with the 2020 OVI were litigated in the April 2023 OVI case and, therefore, the 2020 entry is barred by the doctrine of res judicata from enhancing his penalty in this case. We disagree.

**{¶32}** Generally, "[u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any [claim] that was raised or could have been raised . . . on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176 (1967).

**{¶33}** In its entry denying Medford's motion to suppress, the trial court rejected that Medford's res judicata argument. Specifically, the trial court reasoned that, "[f]or enhancement purposes, Ohio's OVI statute merely requires a set number

of prior convictions for operating a vehicle while under the influence within a specific period." (Doc. No. 26). That is, the trial court further reasoned that "[t]he total number of OVI convictions within a ten-year period remains the same, regardless of how those convictions are described or enumerated in a law enforcement officer's citation or a court's judgment entry." (*Id.*).

**{¶34}** The trial court did not err by rejecting Medford's res judicata argument. Importantly, there is no evidence in the record that Medford's April 2023 OVI conviction was amended to a "first offense" *because* of any alleged infirmity with his 2020 OVI conviction. *See State v. Hogue*, 2018-Ohio-1109, ¶ 21, 23 (3d Dist.). Even so, based on our resolution of Medford's first and second assignments of error, his 2020 OVI conviction is *not* infirm.

**{¶35}** For these reasons, we conclude that the trial court did not err by denying Medford's motion to suppress his 2020 OVI conviction. *See State v. Ruggiero*, 2019-Ohio-2545, ¶ 9 (9th Dist.); *Gerken*, 2023-Ohio-2244, at ¶ 34.

**{¶36}** Therefore, Medford's first, second, and third assignments of error are overruled.

### Fourth Assignment of Error

**The Trial Court erred in finding Mr. Medford guilty because the conviction was not supported by sufficient evidence.**

### Fifth Assignment of Error

**The Trial Court erred in finding Mr. Medford guilty because the conviction was against the manifest weight of the evidence.**

**{¶37}** In his fourth and fifth assignments of error, Medford argues that his OVI conviction is based on insufficient evidence and is against the manifest weight of the evidence. In particular, Medford contends that his OVI conviction "as a felony offense" is based on insufficient evidence and is against the manifest weight of the evidence since his 2020 OVI conviction was defective. (Appellant's Brief at 20).

*Standard of Review*

**{¶38}** Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). Thus, we address each legal concept individually.

**{¶39}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the

-21-

credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 2013-Ohio-4775, ¶ 33 (1st Dist.). *See also State v. Berry*, 2013-Ohio-2380, ¶ 19 (3d Dist.) ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

**{¶40}** On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

*Analysis*

**{¶41}** Based on our resolution of Medford's first, second, and third assignments of error in which we resolved that his 2020 OVI conviction is not

defective for penalty-enhancement purposes in this case, Medford's challenge to the sufficiency and weight of the evidence is without merit. That is, Medford's argument that his OVI conviction is based on insufficient evidence and is against the manifest weight of the evidence since his 2020 OVI conviction was "so flawed that" it could not be used to enhance his penalty in this case is specious since Medford's 2020 OVI conviction is not infirm.

{¶42} Medford's fourth and fifth assignments of error are overruled.

{¶43} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI J., concurs.**

**MILLER, J., concurs in Judgment Only.**

**/hls**