[Cite as *State v. Garee*, 2026-Ohio-1108.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

CHRISTOPHER A. GAREE,

    DEFENDANT-APPELLANT.

CASE NO. 1-25-45

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CR2023 0351

Judgment Affirmed

Date of Decision: March 30, 2026

APPEARANCES:

    *Kenneth J. Rexford* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Christopher A. Garee ("Garee"), brings this appeal from the July 28, 2025 judgment of the Allen County Common Pleas Court. On appeal, Garee argues that there was insufficient evidence to convict him of OVI with the specification that he had 5 prior convictions of OVI within 20 years, that his conviction was against the manifest weight of the evidence, and that the trial court erred by not sustaining his collateral challenge to his 2009 OVI conviction. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} The parties stipulated to the following facts. On August 15, 2023, at approximately 1:05 a.m., Garee was operating a motor vehicle in Allen County, Ohio. He was "pulled over by the Shawnee Township Police Department as part of a lawful traffic stop and as a result of that traffic stop, Mr. Garee [submitted] to standard field sobriety tests . . . [wherein] the Officer . . . observe[d] several signs of impairment." (Tr. at 2-3). Garee was placed under arrest for Operating a Vehicle While Intoxicated ("OVI").

{¶3} A search incident to arrest uncovered a rolled-up twenty dollar bill in Garee's front-left pocket that contained white residue. Garee was asked to submit to a breath test but he refused. A warrant was obtained to acquire Garee's blood and his blood was drawn at St. Rita's Medical Center. Garee's blood was tested by the

Ohio State Highway Patrol Crime Lab. Garee's blood contained 168.99 ng/ml +/- 185.8 ng/ml of cocaine, and 675.82 ng/ml +/- 74.34 ng/ml of Benzoylecgonine, a cocaine metabolite.

{¶4} On December 14, 2023, Garee was indicted for the following offenses: (Count 1) OVI in violation of R.C. 4511.19(A)(1)(j)(ii)/(G)(1)(d), a fourth degree felony due to Garee having 5 prior OVI convictions within 20 years of the offense; (Count 2) R.C. 4511.19(A)(1)(j)(iii)/(G)(1)(d), a fourth degree felony due to Garee having 5 prior OVI convictions within 20 years of the offense; (Count 3) OVI in violation of R.C. 4511.19(A)(1)(a)/(G)(1)(d), a fourth degree felony due to Garee having 5 prior OVI convictions within 20 years of the offense; and (Count 4) OVI in violation of R.C. 4511.19(A)(2)(a)/(A)(2)(b)/(G)(1)(d), a fourth degree felony due to Garee having 5 prior OVI convictions within 20 years of the offense. All four counts of the indictment contained specifications for a mandatory additional prison term pursuant to R.C. 2941.1413(A) asserting that within 20 years of the offense Garee had 5 or more prior convictions of R.C. 4511.19 or its equivalent. Garee pled not guilty to the charges.

{¶5} On December 5, 2024, Garee filed a joint motion to suppress and motion in limine arguing that three of his prior OVI "convictions" were not final appealable orders and thus did not constitute prior OVI "convictions" for purposes of enhancing the OVI offense in this instance. In addition, on December 13, 2024,

Garee filed a "collateral attack on 2009 alleged prior" contending that the prior conviction did not have a proper waiver of counsel.

{¶6} A hearing was held on Garee's motions on March 24, 2025. Garee testified at the hearing, specifically regarding his collateral attack on his 2009 OVI. He testified that he entered his guilty plea in 2009 and was sentenced the same day. He testified he thought he remembered having a female attorney or legal intern representing him at the time of his plea. The 2009 judgment entry indicated that he was represented by the "PD" or public defender.

{¶7} With regard to the three challenged prior convictions, Garee's attorney argued that the convictions were not final appealable orders because the prior entries did not dispose of all counts against Garee. All of the judgment entries from the contested convictions were introduced into evidence and the trial court took the matter under advisement.

{¶8} On March 28, 2025, the trial court issued two separate journal entries overruling Garee's motion to suppress and denying his collateral attack on the 2009 conviction.

{¶9} On June 23, 2025, Garee proceeded to a bench trial. However, rather than presenting testimony, the parties stipulated to the facts as stated above. The parties then entered numerous exhibits into evidence by agreement, including judgment entries of conviction for Garee's prior OVI offenses and the toxicology report finding cocaine and cocaine metabolites in his system. Garee maintained his

argument that three of the prior OVI convictions were not final orders and should not be considered enhancing offenses. The trial court maintained its prior ruling, and found Garee guilty.

**{¶10}** On July 28, 2025, Garee proceeded to a sentencing hearing. The trial court determined that all counts of the indictment merged for purposes of sentencing and the State elected to proceed to sentencing on Count 4. Garee was then sentenced to serve a mandatory two year prison term. It is from this judgment that Garee appeals, asserting the following assignments of error for our review.

### First Assignment of Error

**The trial court erred in finding Mr. Garee guilty of the enhanced felony O.V.I. and of the attached specification of 5 priors within 20 years because three of the required priors lacked finality and hence were not prior convictions, such that the verdict was not supported by sufficient evidence.**

### Second Assignment of Error

**The trial court erred in finding Mr. Garee guilty of the enhanced felony O.V.I. and of the attached specification of 5 priors within 20 years because three of the required priors lacked finality and hence were not prior convictions, such that the verdict was against the weight of the evidence.**

### Third Assignment of Error

**The Trial Court erred by not sustaining Mr. Garee's collateral challenge to the 2009 prior for lack of counsel and lack of a proper waiver of counsel.**

*First and Second Assignments of Error*

**{¶11}** In his first and second assignments of error, Garee argues that there was insufficient evidence presented to convict him, and that his conviction was against the manifest weight of the evidence. Specifically, Garee contends that three of his alleged priors "lacked finality" or were not final appealable orders, thus they could not be used to enhance the offense in this case or support the specification.

Standards of Review

**{¶12}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilty beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both functions are reserved for the trier of fact." *State v. Jones*, 2013-Ohio-4775, ¶ 33 (1st Dist.); *State v. Berry*, 2013-Ohio-2380, ¶ 19 (3d Dist.) ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence.").

{¶13} In determining whether a conviction is against the manifest weight of the evidence, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). When applying the manifest weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

Analysis

{¶14} Garee argues that three of his alleged prior convictions should be suppressed because they lacked a complete sentence and were not final appealable orders. For example, the 2004 judgment entry convicting him of OVI begins:

> On **August 23**[1], 2**004**, the Defendant appeared in open Court with/~~waived~~ counsel, PD Chamberlain, on the charge of DRIVING WHILE UNDER THE INFLUENCE AND/OR A PROHIBITED BLOOD ALCOHOL CONCENTRATION IN VIOLATION OF O.R.C. **4511.19(A)(1) & (A)(4)** . . . this being the **1st** offense within the last ~~five~~/six year period preceeding [sic] arrest for this charge.
>
> (**x**) Defendant withdrew his/~~her~~ plea of Not Guilty and entered a plea of ~~No Contest~~/Guilty.

---

[1] Areas in bold were handwritten or crossed out in the entry.

(State's Ex. 10). Garee was sentenced to serve 5 days in jail; however, as a first time offender he was offered to complete the "ASTOP class in lieu of actual incarceration" so long as he was registered for the class by September 23, 2004.

{¶15} Garee contends that the 2004 judgment entry, and the 2009 and 2013 judgment entries, all contain the same flaw. He contends that the OVI charges all referenced multiple OVI subsections under R.C. 4511.19, but there is only one sentence. He argues that since there is no mention of allied offenses or merger in the judgment entries, there are outstanding OVI counts that have not been disposed of or dismissed, rendering the judgment entries of conviction not final appealable orders. He argues that if the prior "convictions" did not constitute final appealable orders because of these flaws, the prior convictions could not be used to enhance the offense in this matter.

{¶16} Initially, we emphasize that R.C. 4511.19 and the specification in this case, R.C. 2941.1413, both require that the defendant "previously ha[s] been convicted of *or pleaded guilty to* five or more" violations/or equivalent offenses. (Emphasis added.) The General Assembly has thus indicated that a final judgment entry of conviction is not necessary to enhance the penalty. According to the General Assembly, the enhancement can be established by showing that Garee had pleaded guilty to the prior offenses. *See State v. Gwen*, 2012-Ohio-5046, ¶ 11; *State v. Ansley*, 2006-Ohio-511, ¶ 14 (5th Dist.). All three of the judgment entries at issue specifically show that Garee had pleaded guilty to an OVI offense in 2004, 2009,

-8-

and 2013. In fact, Garee actually testified that he had a prior conviction for OVI in 2009 at the suppression hearing. Garee has not established how the entries indicating he had pleaded guilty on these three prior occasions to OVI offenses are insufficient given the language of the General Assembly.

{¶17} Nevertheless, although there are alternative means pursuant to the statute to establish a prior offense such as a prior guilty plea, the Supreme Court of Ohio has detailed the process of using a judgment entry to establish a prior *conviction* in *State v. Gwen*, *supra*.

> [W]hile R.C. 2945.75(B)(1) *permits* the state to prove a prior conviction by submitting a judgment entry of the conviction, the statute does not restrict the manner of proof to that method alone. We hold further that when the state *chooses* to prove a prior conviction by using a judgment entry, that entry must comply with Crim.R. 32(C).

(Emphasis sic.)

{¶18} The question then becomes do the prior judgment entries convicting Garee of OVI comply with Crim.R. 32(C). Criminal Rule 32(C) reads as follows:

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶19} The Supreme Court of Ohio has determined that there are four requirements for a judgment entry of conviction under Crim.R. 32(C).

> A final, appealable judgment entry of conviction must contain (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.

*Gwen* at ¶ 20. The entries in this case establish the four requirements of Crim.R. 32; however, Garee maintains that that the second requirement "the sentence" is not complete because all counts have not been resolved in the judgment entry.

**{¶20}** There are multiple issues with Garee's argument. First, we rejected similar arguments to Garee's in *State v. Medford*, 2025-Ohio-140 (3d Dist.). In *Medford*, we determined that a sentencing entry that was "flawed" such that the entry was perhaps not final and appealable could still be used to enhance a later charge. ¶ 14. Second, the Supreme Court of Ohio has held that Crim.R. 32(C) only requires "'a full resolution of those counts for which there were convictions. It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings.'" *State ex rel. Davis v. Cuyahoga County Court of Common Pleas*, 2010-Ohio-4728, ¶ 2, quoting *State ex rel. Davis v. Cuyahoga County Court of Common Pleas*, 2010-Ohio-1066, ¶ 8. Third, the Supreme Court of Ohio has held, "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a

prima-facie showing of constitutional infirmity." *State v. Brandon,* 45 Ohio St.3d 85 (1989) at syllabus. We do not find that Garee has met his burden.[2]

**{¶21}** In its entry overruling Garee's challenges, the trial court determined that "the issues raised by defendant may require greater attention to detail by the municipal trial court in fashioning entries, but they do not impact the use of the entries to prove prior convictions in this case." (Doc. No. 74). We agree with the trial court. *Medford* at ¶ 14.

**{¶22}** After reviewing the record, we find that the submitted entries were sufficient evidence to establish that Garee had pleaded guilty to, or been convicted of, 5 prior OVI offenses within 20 years. The stipulated evidence was also sufficient to establish that Garee committed an OVI on August 15, 2023. Moreover, given that the prior judgment entries clearly indicate guilty pleas and sentences for OVIs, we do not find that Garee's most recent conviction is against the manifest weight of the evidence. We do not find that this is one of the exceptional cases where the evidence weighs heavily against the conviction. For all of these reasons, Garee's first and second assignments of error are overruled.

---

[2] Garee argues that his case is similar to *State v. Lupardus*, 2008-Ohio-2660 (4th Dist.), wherein the Fourth District Court of Appeals determined that an OVI sentencing entry was not final *on direct appeal* where the judgment entry did not clearly address all outstanding counts. *Lupardus* is readily distinguishable from the case *sub judice* because none of the prior offenses in this case are on direct appeal. *Lupardus* thus does not address the issue presented in this case or compel a different outcome.

*Third Assignment of Error*

**{¶23}** In his third assignment of error, Garee argues that the trial court erred by denying his collateral attack on the 2009 prior conviction for lack of counsel/lack of a proper waiver for counsel.

Analysis

**{¶24}** "Generally, a past conviction cannot be attacked in a subsequent case. However, there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense." *State v. Brooke*, 2007-Ohio-1533, ¶ 9. We have held that while there is a limited right to collaterally attack a prior conviction used as a penalty enhancement, the only recognized constitutional infirmity to attack the prior conviction is that the defendant was denied the fundamental right to be represented by counsel or an invalid waiver of counsel. *State v. Hogue*, 2018-Ohio-1109, ¶ 16 (3d Dist.).

**{¶25}** Garee contends that he made a prima facie showing that his 2009 plea was uncounseled. We disagree.

**{¶26}** The parties agree that the judgment entry for the 2009 case indicates that Garee was represented by the "PD," or public defender. Then, at the suppression hearing, Garee was asked if he knew who had represented him. Garee testified, "[i]t was a female. I think she was like an intern or something." (Tr. at 6). Garee described the female as "[m]id-twenties," and skinny with brown hair. (*Id.*) He was

then asked if he knew the difference between a regular lawyer and an intern, and Garee stated "I just knew she was there to represent me." (*Id.*)

{¶27} Garee contends that there were no female employees of the public defender's office at the time of his plea. However, Garee's judgment entry indicated he was represented by a public defender and Garee has specific memories of being represented by someone. Under these circumstances, we do not find that the trial court erred by determining that Garee had not made a prima facie showing that his 2009 plea was uncounseled. In fact, the only evidence in the record indicates that his plea was counseled. Therefore, Garee's third assignment of error is overruled.

*Conclusion*

{¶28} Having found no error prejudicial to Garee in the particulars assigned and argued, his assignments of error are overruled and the judgment of the Allen County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

Juergen A. Waldick, Judge

William R. Zimmerman, Judge

Mark C. Miller, Judge

DATED:
/jlm